

STATE OF NEBRASKA
**Office of the Attorney General**
2115 STATE CAPITOL BUILDING
LINCOLN, NE 68509-8920
(402) 471-2682
TDD (402) 471-2682
FAX (402) 471-3297 or (402) 471-4725

**MIKE HILGERS**
ATTORNEY GENERAL

December 29, 2023

**Via Electronic Filing**

Molly C. Dwyer, Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

      **Re:**   *Nebraska v. Su*, No. 23-15179
             Scheduled for oral argument: February 6, 2024

Dear Ms. Dwyer:

     I write pursuant to Federal Rule of Appellate Procedure 28(j) to inform the Court of new authority relevant to the above-captioned appeal. Yesterday, this Court vacated as moot its decision in *Mayes v. Biden*, 67 F.4th 921 (9th Cir. 2023), which addressed the lawfulness of the federal contractor COVID-19 vaccine mandate. *Mayes v. Biden*, No. 22-15518, 2023 WL 8942212 (9th Cir. Dec. 28, 2023).

     The Appellants' briefs explain that the Wage Mandate is unlawful for reasons that are both consistent and inconsistent with *Mayes*. *See* Plaintiffs-Appellants' Br. 14–38; *see also id.* at 28 n.4; Reply Br. 3, 4, 9. Because "[a] decision that has been vacated has no precedential effect whatsoever," this Court now considers those arguments unconstrained by *Mayes*. *United States v. Carrillo-Lopez*, 68 F.4th 1133, 1142 n.4 (9th Cir. 2023) (quoting *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1424 n.2 (9th Cir. 1991)) (emphasis omitted).

                                          Respectfully Submitted.

                                          /s/ Eric J. Hamilton

                                          Eric J. Hamilton
                                          Solicitor General

cc: All counsel of record (via Electronic Filing)

**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| KRISTIN K. MAYES; STATE OF ARIZONA; AL REBLE; PHOENIX LAW ENFORCEMENT ASSOCIATION; UNITED PHOENIX FIREFIGHTERS ASSOCIATION LOCAL 493, <br><br>        *Plaintiffs-Appellees*, <br><br>  v. <br><br>JOSEPH R. BIDEN, in his official capacity as President of the United States; ALEJANDRO N. MAYORKAS, in his official capacity as Secretary of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; TROY A. MILLER, in his official capacity as Senior Official Performing the Duties of the Commissioner of US Customs and Border Protection; TAE JOHNSON, in his official capacity as Senior Official Performing the Duties of Director of US Immigration and Customs Enforcement; UR MENDOZA JADDOU, in her official | No. 22-15518 <br><br> D.C. No. 2:21-cv-01568-MTL <br><br><br> ORDER |

capacity as Director of US Citizenship and Immigration Services; OFFICE OF PERSONNEL MANAGEMENT; KIRAN AHUJA, in her official capacity as director of the Office of Personnel Management and as co-chair of the Safer Federal Workforce Task Force; UNITED STATES GENERAL SERVICES ADMINISTRATION; SHALANDA YOUNG, in her official capacity as Acting Director of the Office of Management and Budget and as a member of the Safer Federal Workforce Task Force; SAFER FEDERAL WORKFORCE TASK FORCE; JEFFREY ZIENTS, in his official capacity as co-chair of the Safer Federal Workforce Task Force and COVID-19 Response Coordinator; L. ERIC PATTERSON, in his official capacity as Director of the Federal Protective Service and member of the SFWTF; JAMES M. MURRAY, in his official capacity as Director of the United States Secret Service and member of the SFWTF; DEANNE CRISWELL, in her official capacity as Director of the Federal Emergency Management Agency and member of the SFWTF; ROCHELLE WALENSKY, in her official capacity as Director of the Centers for Disease

Control and Prevention and member of the SFWTF; CENTERS FOR DISEASE CONTROL AND PREVENTION; FEDERAL ACQUISITION REGULATORY COUNCIL; MATHEW C. BLUM, in his official capacity as Chair of the Federal Acquisition Regulatory Council and Acting Administrator of the Office of Federal Procurement Policy, Office of Management and Budget; LESLEY A. FIELD, in her official capacity as a member of the Federal Acquisition Regulatory Council and Acting Administrator for Federal Procurement at the Office of Federal Procurement Policy, Office of Management and Budget; KARLA S. JACKSON, in her official capacity as a member of the Federal Acquisition Regulatory Council and Assistant Administrator for Procurement at the National Aeronautics and Space Administration; JEFFREY A. KOSES, in his official capacity as a member of the Federal Acquisition Regulatory Council and Senior Procurement Executive at the General Services Administration; JOHN M. TENAGLIA, in his official capacity as a member of the Federal Acquisition Regulatory Council and Principal Director of Defense Pricing and

Contracting at the Department of Defense; UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF JUSTICE; MERRICK B. GARLAND, Attorney General, in his official capacity as Attorney General of the United States,

    *Defendants-Appellants*,

---

ARIZONA CHAMBER OF COMMERCE & INDUSTRY; FIFTY-SIXTH ARIZONA LEGISLATURE,

    *Intervenors*.

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Argued and Submitted March 7, 2023
Las Vegas, Nevada

Filed December 28, 2023

Before: Richard R. Clifton, Mark J. Bennett, and Roopali H. Desai, Circuit Judges.

# SUMMARY[*]

### Mootness

The panel (1) vacated as moot this court's April 19, 2023, opinion concerning President Biden's Contractor Mandate and Executive Order 14042, which was subsequently rescinded; (2) dismissed this appeal; and (3) remanded to the district court with instructions to vacate the portion of the orders on appeal addressing all claims based on the Contractor Mandate.

### COUNSEL

David L. Peters (argued), Anna O. Mohan, and Mark B. Stern, Appellate Staff Attorneys, Civil Division; Joshua Revesz, Office of the Attorney General Counsel; Shraddha A. Upadhyaya, Associate General Counsel, Office of Management and Budget; Arpit K. Garg, Deputy General Counsel; Daniel F. Jacobson, General Counsel; Brian M. Boynton, Principal Deputy Assistant Attorney General; for Defendant- Appellants.

Alexander W. Samuels (argued), Principal Deputy Solicitor General; James K. Rogers, Senior Litigation Counsel; Drew C. Ensign, Deputy Solicitor General; Kristin K. Mayes, Arizona Attorney General; Joseph A. Kanefield, Chief Deputy and Chief of Staff; for Plaintiff-Appellees.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Kory Langhofer and Thomas Basile, Statecraft PLLC, Phoenix, Arizona; Michael Bailey, Arizona Chamber of Commerce & Industry, Phoenix, Arizona; for Intervenors Fifty-Sixth Legislature and Arizona Chamber of Commerce & Industry.

## ORDER

On April 19, 2023, this court issued its opinion in which it reversed and vacated the district court's grant of a permanent injunction, which had enjoined President Biden's "Contractor Mandate," including Executive Order 14042. *Mayes v. Biden*, 67 F.4th 921, 946 (9th Cir. 2023);[1] *see also* Executive Order 14042, Ensuring Adequate COVID Safety Protocols for Federal Contractors, 86 Fed. Reg. 50,985 (Sept. 14, 2021).

On May 9, 2023, after we issued our opinion but before the mandate issued, President Biden rescinded Executive Order 14042. *See* Executive Order 14099, Moving Beyond COVID-19 Vaccination Requirements for Federal Workers, 88 Fed. Reg. 30,891 (May 15, 2023). On June 15, 2023, because a judge of this court called for a vote to determine whether this case should be reheard en banc, the court directed the parties to file simultaneous briefs. The case remains pending.

On December 11, 2023, the Supreme Court vacated as moot the judgment in three cases concerning vaccine mandates, where the common issue was whether the judgment below should be vacated for mootness under

---

[1] Following argument, we had stayed the injunction pending resolution of the appeal.

*United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950). *See Payne v. Biden*, No. 22-1225, 2023 WL 8531836 (U.S. Dec. 11, 2023) (Mem.) ("The judgment is vacated, and the case is remanded to the United States Court of Appeals for the District of Columbia Circuit with instructions to dismiss the case as moot."); *Biden v. Feds for Med. Freedom*, No. 23-60, 2023 WL 8531839 (U.S. Dec. 11, 2023) (Mem.) ("The judgment is vacated, and the case is remanded to the United States Court of Appeals for the Fifth Circuit with instructions to direct the District Court to vacate as moot its order granting a preliminary injunction."); *Kendall v. Doster*, No. 23-154, 2023 WL 8531840 (U.S. Dec. 11, 2023) (Mem.) ("The judgment is vacated, and the case is remanded to the United States Court of Appeals for the Sixth Circuit with instructions to direct the District Court to vacate as moot its preliminary injunctions.").

In accordance with *Payne*, *Feds for Medical Freedom*, and *Doster*, it is hereby ORDERED (1) that the opinion of this court, 67 F.4th 921, is vacated as moot and this appeal is dismissed;[2] and (2) that this case is remanded with instructions to vacate the portion of the orders on appeal addressing all claims based on the Contractor Mandate.

---

[2] We have an independent duty to consider mootness sua sponte. *See Demery v. Arpaio*, 378 F.3d 1020, 1025 (9th Cir. 2004).