# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| STATE OF NEBRASKA, et al., | |
| Plaintiffs-Appellants, and | |
| STATE OF ARIZONA, et al., | |
| Plaintiffs, | No. 23-15179 |
| v. | |
| LORI CHAVEZ-DEREMER, in her official capacity as U.S. Secretary of Labor, et al., | |
| Defendants-Appellees. | |

## MOTION FOR SUPPLEMENTAL BRIEFING
## ON PETITION FOR REHEARING EN BANC

The plaintiff States brought this case as a challenge to a 2021 executive order that directed federal agencies to enter certain contracts only with companies willing to pay their employees a specified minimum wage for work on or in connection with the contracts, and to the regulations by which the Department of Labor implemented that executive order. The panel majority held the executive order and regulations invalid. *Nebraska v. Su*, 121 F.4th 1,

17 (9th Cir. 2024). The federal government filed a petition for rehearing en banc, which remains pending after the Court ordered a response.

On March 14, 2025, President Trump revoked the challenged executive order. *See* Executive Order No. 14,236, 90 Fed. Reg. 13,037, 13,037 (revoking Executive Order No. 14,026). The Department of Labor has announced that it "is no longer enforcing Executive Order 14026 or the implementing rule (29 CFR part 23) and will take steps, including rescinding 29 CFR part 23, to implement and effectuate the revocation of Executive Order 14026." Dep't of Labor, Final Rule: Increasing the Minimum Wage for Federal Contractors (Executive Order 14026), https://www.dol.gov/agencies/whd/government-contracts/eo14026 (last visited Mar. 20, 2025).

In the federal government's view, these developments render this case moot and make it appropriate for the Court to vacate the panel decision under the doctrine of *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950)—just as the Court vacated its opinion in *Mayes v. Biden*, 67 F.4th 921 (9th Cir. 2023), addressing similar issues, when the executive order challenged in that case was rescinded before the Court's mandate had issued. *See Mayes v. Biden*, 89 F.4th 1186 (9th Cir. 2023). *Munsingwear* vacatur is ordinarily inappropriate

when the losing party causes a case to become moot before it can obtain further review, *see U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25 (1994), but that principle is inapplicable when challenges to significant federal policies are mooted by Executive actions undertaken in good faith and for reasons unrelated to litigation. Recently, for example, the Supreme Court granted *Munsingwear* vacatur of the Fifth Circuit's decision invalidating an executive order that required federal employees to be vaccinated against COVID-19, *Feds for Med. Freedom v. Biden*, 63 F.4th 366 (5th Cir. 2023) (en banc), when the executive order was rescinded before the government could obtain Supreme Court review. *Biden v. Feds for Med. Freedom*, 144 S. Ct. 480 (2023). A contrary rule would force the Executive Branch to choose between maintaining a policy that it has concluded is no longer warranted and acquiescing in a precedential judicial decision that the Executive Branch believes would be contrary to its prerogatives. The federal government likewise intends to acquiesce in the plaintiff States' request for *Munsingwear* vacatur of the Fifth Circuit's decision upholding the executive order and rule challenged in this case, *Texas v. Trump*, 127 F.4th 606 (5th Cir. 2025).

    The federal government stands ready to provide further briefing on the mootness of this case and the propriety of vacatur. At present, however,

plaintiffs maintain that this case is not moot because the Department of Labor has not yet formally rescinded the implementing rule. The parties therefore respectfully submit that it may be appropriate for them to file supplemental briefs addressing mootness and vacatur after the Department has rescinded the implementing rule. Subject to any contrary order of the Court, we will provide notice to the Court, and propose a briefing schedule, once the rescission has occurred.

Respectfully submitted,

CHARLES W. SCARBOROUGH

*/s/ Daniel Winik*
DANIEL WINIK
   *Attorneys, Appellate Staff*
   *Civil Division, Room 7245*
   *U.S. Department of Justice*
   *950 Pennsylvania Avenue NW*
   *Washington, DC 20530*
   (202) 305-8849

- 4 -

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), I hereby certify that this motion complies with Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in 14-point Book Antiqua, a proportionally spaced font, and that it complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 571 words, according to Microsoft Word.

*/s/ Daniel Winik*
Daniel Winik